# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2020V

| | |
|---|---|
| PAUL ENSTROM,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2023 |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 29, 2020, Paul Enstrom filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain Barré syndrome ("GBS") after receipt of an influenza vaccination administered on January 30, 2020. Petition at 1. On December 16, 2022, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $70,133.11 (representing $69,030.50 for fees and $1,102.61 for costs). Petitioner's Motion for Fees and Costs filed June 30, 2023, ECF No. 45. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 45-2.

Respondent reacted to the motion on July 14, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 46. The same day, Petitioner filed a reply stating that Petitioner "concurs with Respondent's recommendation." ECF No. 47.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed by Attorney Nancy Meyers and paralegals through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner also requests the hourly rate of $430 for work performed by Attorney Leslie Cooper Harrell in 2022. ECF No. 45-1. I find this hourly rate to be reasonable.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed May 5, 2022, ECF No. 34 (reporting an impasse in settlement discussions); Petitioner's Damages Brief, filed July 27, 2022, ECF No. 36; Petitioner's Reply, filed Sept. 13, 2022, ECF No. 39. Petitioner's counsel expended approximately 64.2 hours drafting the damages brief and 31.4 hours drafting the reply brief, totaling 95.6[3] hours. *See* ECF No. 45-1 at 11-14.

My above calculation does not include time spent preparing the initial demand nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 45-1 at 12 (1.4 hours of 7/26/22 entry Leslie Cooper Harrell).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5] *See,* e.g., *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21,

---

[3] This total is calculated as follows: 95.1 hours billed on 7/6/22, 7/7/22, 7/8/22, 7/11/22, 7/12/22, 7/13/22, 7/14/22, 7/18/22, 7/19/22, 7/20/22, 7/21/22, 7/22/22, 7/25/22, 7/26/22, 7/27/22, 8/31/22, 9/1/22, 9/2/22, 9/3/22, 9/7/22, 9/8/22, 9/9/22, 9/11/22, 9/12/22, and 9/13/22 by Leslie Cooper Harrell at a rate of $430; and 0.5 hours billed on 9/13/22 by Nancy Meyers at a rate of $460.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

3

2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The only area of dispute involved the appropriate amount of compensation for Petitioner's actual pain and suffering. *See Enstrom v. Sec'y of Health & Hum. Servs.,* No. 20-2020V, Slip. Op. 40, (Fed. Cl. Spec. Mstr. Dec. 16, 2023). Although the parties' views differed by $72,500.00 - Petitioner sought $180,000.00, and Respondent countered with $107,500.00, I ultimately awarded $171,279.47, an amount closer to that proposed by Petitioner – showing the value of the briefing submitted. However, the amount of time billed for briefing was still excessive. *Id.*

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 19. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 95.6 hours, or $41,123.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $12,336.90.**[7]

## ATTORNEY COSTS

Petitioner requests $1,102.61 in overall costs. ECF No. 45-1 at 15-32. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought.

---

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: (95.1 x $430 x .30) + (0.50 x $460 x .30) = $12,336.90.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$57,796.21 (representing $56,693.60 for fees and $1,102.61 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Nancy R. Meyers.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.